IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| John Hayward, #291763, | ) | C/A No. 1:11-644-RBH-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| Wayne C. McCabe, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner John Hayward is an inmate at the South Carolina Department of
Corrections who filed this pro se petition for a writ of habeas corpus pursuant to 28
U.S.C. § 2254. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local
Civil Rule 73.02(B)(2) D.S.C. for a Report and Recommendation on Respondent's
motion for summary judgment and return. [Entry #30, #29].  Pursuant to *Roseboro v.
Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Petitioner of the summary
judgment and dismissal procedures and the possible consequences if he failed to respond
adequately to Respondent's motion. [Entry #31].   After Petitioner failed to timely
respond, the undersigned issued an order on September 23, 2011 directing Petitioner to
advise whether he wished to continue with this case and to file a response by October 7,
2011. [Entry #34].  On September 26, 2011, Petitioner filed a motion for extension of
time to file a response [Entry #37], together with a motion to amend his habeas petition
[Entry #38].  The court granted the motion for extension, and Petitioner file a response in
opposition to Respondent's motion. [Entry #42].  Having carefully considered the parties'

submissions and the record in this case, the court grants Petitioner's motion to amend [Entry #38] and recommends that Respondent's motion for summary judgment [Entry #30] be granted.

I.      Factual Background

On December 1, 2003, Petitioner pled guilty to twelve indictments, including two Richland County indictments for armed robbery (2003-GS-40-870 and 2003-GS-40-00905) and ten Lexington County indictments arising out of a home invasion and bank robbery on December 23, 2002. [Entry #29-11 at 3–44].

The first Richland County armed robbery was a bank robbery of the South Carolina Bank and Trust on Assembly Street in Columbia, South Carolina on August 8, 2002, in which Petitioner and two other armed masked men, one being Quinjarro Pressley, entered the bank with guns. Petitioner vaulted over the teller line, took money out of all the drawers, forced the branch manager to open the vault and a locker within, took money out of the locker, and shut in the vault the six or seven bank employees and two customers—an elderly couple—before leaving the bank. [Entry #29-11 at 8–9]. On his  way into the bank, Petitioner was observed by a witness who called 911 and who identified the car the armed robbers left in. The witness also saw Petitioner drop onto the sidewalk his South Carolina I.D. card, which the witness subsequently picked up and provided to police. [*Id.* at 9–10]. A later search of Petitioner's girlfriend's house revealed dye-stained money from the bank. [*Id.* at 10–14]. Petitioner's codefendants gave

statements against him and were going to be called as trial witnesses against him before he decided to plead guilty. [*Id.* at 15].

The second Richland County armed robbery was of Harry Vogel, a Domino's Pizza deliveryman, on November 25, 2002. [Entry #29-11 at 15–16]. Mr. Vogel was trying to enter the pizza store when he saw Petitioner and Pressley both armed with handguns. [*Id.* at 16]. The Domino's employees refused to open the door for Mr. Vogel because they saw he was being robbed. *Id.* Mr. Vogel was robbed of about $30. *Id.* The robbery was witnessed by an off-duty Forest Acres police officer who followed the car Petitioner rode in, which belonged to Petitioner's cousin, Hayward Smith. *Id.* at 16–17. Mr. Smith informed police that Petitioner had been using his car. *Id.* at 17. Subsequently, Pressley implicated himself and Petitioner in the armed robbery. *Id.*

The Lexington County charges occurred on December 23, 2002, mostly at the home of a family with six children, three of whom were home at the time of the home invasion, along with a child guest celebrating the third birthday of one of the children. [Entry #29-11 at 17–18]. According to the solicitor's description of the facts at the guilty plea hearing, Petitioner entered the front of the house, while Pressley had forced the four children at gunpoint from the backyard into the house. *Id.* at 19. Pressley tied up the mother's hands and feet with a vacuum cleaner cord while Petitioner ransacked the house, destroying the Christmas tree, every appliance in the house, televisions, and furniture while looking for firearms. *Id.* Pressley held the mother at gunpoint as Petitioner kicked and beat her and tore chunks of her hair out while repeatedly telling her that they were

going to blow her brains out. *Id.* at 19–20. They threatened to kill all the children, and Petitioner—described in the arrest warrant as 6'2" and 225 lbs.—held a gun to the three-year-old birthday boy's head. *Id.* at 20; arrest warrant at Entry #29-12 at 13. After stealing all the Christmas presents, Petitioner and Pressley took the family's van and drove to the First Citizens Bank on Platt Springs Road, which they robbed at gunpoint of $14,000. [Entry #29-11 at 20–21]. These events led to the following ten charges in Lexington County: five counts of kidnapping (2003-GS-32-4184; 4187; 4188; 4189; 4190 for each of the four children and the mother), assault and battery with intent to kill (ABWIK) the mother (2003-GS-32-4182), burglary first degree for breaking into the home while armed and causing physical injury (2003-GS-32-4185), armed robbery for robbing the house (2003-GS-32-4186), criminal conspiracy (2003-GS-32-4191), and armed robbery at First Citizens Bank (2003-GS-32-4183). [Entry #29-12 at 10–55].

At the guilty plea proceeding on December 1, 2003 in Richland County, Petitioner was represented by Samuel Mokeba, Esq. Petitioner waived venue and presentment of the ten Lexington County charges to the Lexington County Grand Jury. [Entry #29-11 at 3–7]. Petitioner pled guilty as charged and was sentenced by the Honorable Reginald I. Lloyd to 30 years for each armed robbery, 30 years for each kidnapping, 30 years for burglary first degree, 20 years for ABWIK and 5 years for criminal conspiracy, with all sentences consecutive for an aggregate of 325 years. [Entry #29-11 at 41–43].

Petitioner filed a direct appeal. He was represented by Eleanor Duffy Cleary of the South Carolina Office of Appellate Defense, who filed an *Anders*[1] brief on July 5, 2005, and a petition to be relieved as counsel asserting as the sole ground for relief:  Whether appellant's guilty plea failed to comply with the mandates set forth in *Boykin v. Alabama*? [Entry #29-1]. The South Carolina Court of Appeals dismissed the appeal on December 8, 2005. [Entry #29-2]. The remittitur was issued on January 3, 2006. [Entry #29-3].

Petitioner filed a post-conviction relief ("PCR") application on December 8, 2006, asserting the following grounds: ineffective assistance of counsel for failure to quash the invalid indictments and for failure to quash the indictments for improper change of venue. [Entry #29-11 at 45–49]. An evidentiary hearing was held on March 21, 2008, before the Honorable James R. Barber III, at which Petitioner testified and was represented by Bryan S. Jeffries, Esq. *Id.* at 55–112.  By order dated April 8, 2008, Judge Barber granted PCR relief on the Lexington and Richland County charges because counsel had not been appointed by the Clerk of Court for Lexington on the Lexington charges and because Richland County counsel was ineffective in not investigating the Lexington charges to which Petitioner pled guilty.  [Entry #29-12 at 2–9].

---

[1] *Anders v. California*, 386 U.S. 738 (1967).  *Anders* requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited.  *Anders*, 386 U.S. at 744.

The State appealed the grant of PCR and filed a petition for writ of certiorari on October 6, 2008, raising the following question: Whether insufficient evidence of probative value exists to support the PCR court's findings that Respondent's guilty plea was not knowingly and intelligently entered because appointed counsel, from Richland County, was either not appointed to handle Respondent's Lexington County charges, and/or appointed counsel's representation was ineffective regarding the Lexington County charges? [Entry #29-4]. On April 29, 2009, Petitioner filed a return through Assistant Appellate Defender Elizabeth Franklin Best, Esq. [Entry #29-5]. The South Carolina Supreme Court granted certiorari on March 5, 2010. [Entry #29-6]. After briefing, the court issued an opinion on March 7, 2011, affirming in part and reversing in part. [Entry #29-9]. The Supreme Court held as follows:

> Because Respondent was denied his right to counsel concerning the Lexington County charges, we reject the State's challenge to the grant of PCR with respect to the Lexington County charges and affirm pursuant to Rule 220(b)(1), SCACR, and the following authorities: *Cherry v. State*, 300 S.C. 115, 119, 386 S.E.2d 624, 626 (1989) (applying the "any evidence" standard of review to PCR actions); *Stevenson v. State*, 337 S.C. 23, 26, 522 S.E.2d 343, 344 (1999) (recognizing that the Sixth Amendment guarantees the right to counsel for criminal defendants); *Nance v. Ozmint*, 367 S.C. 547, 552, 626 S.E.2d 878, 880 (2006) (observing that prejudice is presumed when an accused is denied counsel at a critical stage).

> As for the grant of PCR on the Richland County charges, the State argues that "Respondent did not offer any evidence into how [Richland County] counsel's purported lack of preparation regarding the Lexington County charges prejudiced the handling of the Richland County charges and the PCR Court erred in finding otherwise." (Br. of Petitioner at 13.) We agree. There is no evidence to support the contention of ineffective assistance of counsel in connection with the Richland County charges. Accordingly, the

grant of PCR concerning the Richland County guilty plea and sentences is reversed. The Richland County convictions and sentences are reinstated.

*Id.* at 2–3. The remittitur was issued on March 23, 2011. [Entry #29-10]. This habeas petition followed.

II.    Discussion

    A.    Federal Habeas Issues

Petitioner now asserts he is entitled to a writ of habeas corpus on the following grounds related to the reinstated Richland County convictions and sentences for armed robbery:

Ground One:    Ineffective Assistance of Counsel

    Supporting Facts: Counsel failed to properly move/object to squash invalid indictments for Richland County. My indictments clearly show that the grand jury convened when the Court of General Sessions were in session. Counsel failed to squash both indictments because the grand jury cannot convene when the Court of General Sessions is in session. I am denied U.S.C.A. Const. Amend. 5 because validity of indictment was not met.

Ground Two:    Proportionality

    Supporting Facts: After pleading, I was given 12 consecutive sentences for charges in two counties (2–Richland, 10–Lexington). The consecutive sentences were purely based on the Lexington County issue. Currently Lexington charges and sentence have been vacated. Richland was not effected, so I am serving 60 years for the two Richland charges that I was offered 20 years for both charges by Lesley M. Coggiola before Lexington came into the fold. Lexington aggravated the Richland County charges. Sentence is not excessive if it is within the statutory limitations and there are no facts supporting allegation of prejudice against defendant. Lexington County and Richland County charges and sentence were vacated and Richland County charges and sentence were reinstated. The State made a

decision that was based upon an unreasonable determination of facts in light of the evidence presented. 2254(d)(2).

[Entry #1-1 at 5–7].

Ground Three:    Prejudice/Vindictiveness

> Supporting Facts:  Petitioner argues that when the S.C. Supreme Court affirmed the relief on the Lexington County convictions and sentences but reinstated the Richland County convictions and sentences that the petitioner faced prejudice on this matter because Lexington and Richland were a package and trial judge expressed vindictiveness towards petitioner.  Petitioner argues that Lexington charges that were vacated caused the petitioner to receive consecutive sentences (2) in Richland County for armed robbery, 60 years total.

[Entry #1-3 (Amended Petition adding Ground Three)].

    B.    Standard for Summary Judgment

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    C.    Habeas Corpus Standard of Review

        1.    Generally

Because Petitioner filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. *Lindh v. Murphy*, 521 U.S. 320 (1997); *Breard v. Pruett*, 134 F.3d 615 (4th Cir. 1998). Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision

that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable application of the facts in light of the evidence presented at the state court proceeding. 28 U.S.C. § 2254(d)(1)(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id*. at 410.  Moreover, state court factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

2.    Procedural Bar

Federal law establishes this court's jurisdiction over habeas corpus petitions.  28 U.S.C. § 2254 ("Section 2254").  This statute permits relief when a person "is in custody in violation of the Constitution or laws or treaties of the United States[,]" and requires that a petitioner present his claim to the state's highest court with authority to decide the issue before the federal court will consider the claim.  *Id.*  The separate but related theories of exhaustion and procedural bypass operate in a similar manner to require a habeas petitioner to first submit his claims for relief to the state courts.  A habeas corpus petition filed in this court before the petitioner has appropriately exhausted available state-court remedies or has otherwise bypassed seeking relief in the state courts will be dismissed absent unusual circumstances detailed below.

a.     Exhaustion

Section 2254 contains the requirement of exhausting state-court remedies and provides as follows:

(b)     (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that—

(A)     the applicant has exhausted the remedies available in the courts of the State; or

(B)     (i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

The statute requires that, before seeking habeas corpus relief, the petitioner first must exhaust his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." *Matthews v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may

consider only those issues that have been properly presented to the highest state courts with jurisdiction to decide them.

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction: (1) through a direct appeal, or (2) by filing an application for PCR. State law requires that all grounds be stated in the direct appeal or PCR application. Rule 203 SCACR; S.C. Code Ann. § 17-27-10, *et seq.*; S.C. Code Ann. § 17-27-90; *Blakeley v. Rabon*, 221 S.E.2d 767 (S.C. 1976). If the PCR court fails to address a claim as is required by S.C. Code Ann. § 17-27-80, counsel for the applicant must make a motion to alter or amend the judgment pursuant to Rule 59(e), SCRCP. Failure to do so will result in the application of a procedural bar by the South Carolina Supreme Court. *Marlar v. State,* 653 S.E.2d 266 (S.C. 2007).[2] Furthermore, strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina courts. A PCR must be filed within one year of judgment, or if there is an appeal, within one year of the appellate court decision. S.C. Code Ann. § 17-27-45.

Furthermore, in filing a petition for habeas relief in the federal court, a petitioner may present only those issues that were presented to the South Carolina Supreme Court through direct appeal or through an appeal from the denial of the PCR application,

---

[2]In *Bostick v. Stevenson*, 589 F.3d 160, 162–65 (4th Cir. 2009), the Fourth Circuit found that, prior to the Supreme Court of South Carolina's November 5, 2007 decision in *Marlar*, South Carolina courts had not uniformly and strictly enforcing the failure to file a motion pursuant to Rule 59(e), SCRCP, as a procedural bar. Accordingly, for matters in which there was a PCR ruling prior to November 5, 2007, the court will not consider any failure to raise issues pursuant to Rule 59(e) to effect a procedural bar.

regardless of whether the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must proceed through the state courts before requesting a writ of habeas corpus in the federal courts. *Richardson v. Turner*, 716 F.2d 1059 (4th Cir. 1983)*; Patterson v. Leeke*, 556 F.2d 1168 (4th Cir. 1977).

> b.    Procedural Bypass

Procedural bypass, sometimes referred to as procedural bar or procedural default,[3] is the doctrine applied when a petitioner who seeks habeas corpus relief as to an issue failed to raise that issue at the appropriate time in state court and has no further means of bringing that issue before the state courts. In such a situation, the person has bypassed his state remedies and, as such, is procedurally barred from raising the issue in his federal habeas petition. The United States Supreme Court has stated that the procedural bypass of a constitutional claim in earlier state proceedings forecloses consideration by the federal courts. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Bypass can occur at any level of the state proceedings if a state has procedural rules that bar its courts from considering claims not raised in a timely fashion.

The South Carolina Supreme Court will refuse to consider claims raised in a second appeal that could have been raised at an earlier time. Further, if a prisoner has failed to file a direct appeal or a PCR and the deadlines for filing have passed, he is barred from proceeding in state court. If the state courts have applied a procedural bar to a

---

[3]If a petitioner procedurally bypasses his state-court remedies, he is procedurally barred from raising them in federal court.

claim because of an earlier default in the state courts, the federal court honors that bar.

As the Supreme Court explains:

> . . . [state procedural rules promote] not only the accuracy and efficiency of judicial decisions, but also the finality of those decisions, by forcing the defendant to litigate all of his claims together, as quickly after trial as the docket will allow, and while the attention of the appellate court is focused on his case.

*Reed v. Ross*, 468 U.S. 1, 10–11 (1984).

However, if a federal habeas petitioner can show both (1) "'cause' for noncompliance with the state rule[,]" and (2) "'actual prejudice resulting from the alleged constitutional violation[,]'" the federal court may consider the claim. *Smith v. Murray*, 477 U.S. at 533 (*quoting Wainwright v. Sykes*, 433 U.S. 72, 84 (1977)). When a petitioner has failed to comply with state procedural requirements and cannot make the required showing of cause and prejudice, the federal courts generally decline to hear the claim. *Murray v. Carrier*, 477 U.S. 478, 496 (1986).

If a federal habeas petitioner has failed to raise a claim in state court and is precluded by state rules from returning to state court to raise the issue, he has procedurally bypassed his opportunity for relief in the state courts and in federal court. A federal court is barred from considering the filed claim (absent a showing of cause and actual prejudice). In such an instance, the exhaustion requirement is technically met and the rules of procedural bar apply. *See Matthews v. Evatt*, 105 F.3d at 915 (*citing Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *Teague v. Lane*, 489 U.S. 288, 297–98

(1989); *George v. Angelone*, 100 F.3d 353, 363 (4th Cir. 1996); *Bassette v. Thompson*,

915 F.2d 932, 937 (4th Cir. 1990)).

3.    Cause and Actual Prejudice

Because the requirement of exhaustion is not jurisdictional, this court may

consider claims that have not been presented to the South Carolina Supreme Court in

limited circumstances in which a petitioner shows sufficient cause for failure to raise the

claim and actual prejudice resulting from the failure, *Coleman*, 501 U.S. at 750, or that a

"fundamental miscarriage of justice" has occurred.    *Murray*, 477 U.S. at 495–96. A

petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating

to the default, show an external factor which hindered compliance with the state

procedural rule, or demonstrate the novelty of a particular claim.  *Id.*   Absent a showing

of "cause," the court is not required to consider "actual prejudice." *Turner v. Jabe*, 58

F.3d 924 (4th Cir. 1995).  However, if a petitioner demonstrates sufficient cause, he must

also show actual prejudice in order to excuse a default. *Murray*, 477 U.S. at 492. To show

actual prejudice, the petitioner must demonstrate more than plain error.

D.    Analysis

1.    Procedurally-Barred Grounds

As an initial matter, Respondent contends that all of Petitioner's federal habeas

grounds are procedurally-barred to the extent that they were not raised in his direct appeal

or PCR appeal.  The undersigned agrees.

a.    Ground One:  Ineffective Assistance of Counsel

In Ground One, Petitioner claims counsel was ineffective in failing to quash the Richland County indictments for being invalid on their face because indictments were dated when the grand jury was in session.  The Richland County indictments were true billed by the Richland County grand jury on November 21, 2003 (2003-GS-40-870) and at the April 23, 2003 term (2003-GS-40-905). [Entry #29-12 at 10, 15].

Although raised in Petitioner's PCR application as a Sixth Amendment violation ("failed to properly move/objection to squash invalid indictments" [Entry #29-11 at 46]), Ground One was not raised or argued during the PCR proceeding nor addressed by the order granting PCR relief.  Petitioner did not seek a ruling by filing a Rule 59(e), SCRCP, motion. Under state court procedure, the state supreme court has held that such issues are not preserved for consideration on appeal. *Marlar v. State*, 653 S.E.2d 266, 266 (S.C. 2007); *Simpson v. Moore*, 627 S.E.2d 701, 708 n.3 (S.C. 2006); *Harris v. State*, 581 S.E.2d 862 (S.C. 2003).

Therefore, to the extent that Ground One was not raised in Petitioner's direct or PCR appeal, it was not fairly presented to the South Carolina appellate courts and is procedurally-barred from federal habeas review.  *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review).

Even if considered on its merits, Petitioner's Ground One fails.  The fact that Petitioner was indicted during the November 19, 2003 or April 23, 2003 terms of the

Court of General Sessions does not invalidate the indictments, as there is no prohibition of the grand jury of any county in South Carolina acting on indictments during a term of the Court of General Sessions. The Richland County Court of General Sessions was empowered to enter actions on indictments of Friday November 21, 2003 and Wednesday April 23, 2003. *See* orders authorizing the Richland County Grand jury sessions during 2003 (Order of December 9, 2002 authorizes a session to begin on April 23, 2003—the date of the true bill on 2003-GS-40-905; and Order of June 3, 2003 authorizes a session term to begin on November 19, 2003 during which indictment 2003-GS-40-870 was true billed). [Entry #29-14].

> b.    Ground Two: Proportionality

In Ground Two, Petitioner contends that his Richland County sentences of 30 years consecutive on each armed robbery conviction (for total of 60 years) were disproportionate. Petitioner made no objection to the sentences at the time of sentencing on the basis of disproportionality. *See State v. Johnston*, 510 S.E.2d 423, 425 (S.C. 1999) (a challenge to sentencing must be raised at trial, or the issue will not be preserved for appellate review). Petitioner asserted no sentencing issue in his direct appeal, PCR proceedings, or in the PCR appeal. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977) (holding failure to preserve issue under state law results in procedural bar on habeas review). By failing to object at trial to the imposition of sentence, Petitioner waived the right to have his sentences reviewed on direct appeal or to raise issue in PCR proceeding as to whether the sentences were cruel and unusual punishment, absent allegation of ineffective

assistance of counsel. *Cummings v. State*, 260 S.E.2d 187 (S.C. 1979). "It is well settled in this State that this Court has no jurisdiction to disturb, because of alleged excessiveness, a sentence which is within the limits prescribed by statute unless: (a) the statute itself violates the constitutional injunction, Article I, Sec. 19, against cruel and unusual punishment, or (b) the sentence is the result of partiality, prejudice or pressure or corrupt motive." *Wood v. State*, 184 S.E.2d 702 (S.C. 1971). No showing or argument was made in the state court concerning Ground Two, therefore it is barred from consideration on federal habeas.

Even if considered on its merits, Petitioner's Ground Two fails. While the 30-year sentences were the maximum for armed robbery in South Carolina, they were within the limits permitted by law. A trial judge is given wide discretion in determining what sentence should be imposed. *State v. Franklin*, 226 S.E.2d 896 (S.C. 1976). Likewise, whether multiple sentences should run consecutively or concurrently is a matter left to the sound discretion of the trial judge. *Legare v. State*, 509 S.E.2d 472 (S.C. 1998) (trial court had discretion to impose consecutive sentences for armed robbery, assault and battery with intent to kill, and attempted armed robbery). Further, the Fourth Circuit has held that proportionality review "is not available for any sentence less than life imprisonment without the possibility of parole." *United States v. Malloy*, 568 F.3d 166, 180 (4th Cir. 2009) (*quoting United States v. Hong*, 242 F.3d 528, 532 (4th Cir. 2001)); *see also United States v. Polk*, 905 F.2d 54, 55 (4th Cir. 1990). Additionally, Petitioner's aggregate 60 year sentence is not disproportionate in light of his recidivism of the second

robbery. *See Ewing v. California*, 538 U.S. 11, 29–30 (2003) (sentence of 25 years to life for recidivist did not violate Eighth Amendment).

> c.    Ground Three:  Prejudice/Vindictiveness

In Ground Three, Petitioner alleges that his sentence of 30 years on each count of armed robbery running consecutive was the result of vindictiveness by the judge.   For support, Petitioner cites to the following portion of the guilty plea colloquy:

The Court:     Mr. Hayward you were on quite a spree, sir. I will be honest with you, sir, that may be one of the most disgusting things that I've heard in a while. To do that to a mother in front of her children, period and cap it off with holding a gun to a child's head a three year old you didn't do that either?

Petitioner:     (witness shaking his head)

The Court :     You didn't do that?

Petitioner:     No sir, your honor. I didn't do it, but I'm willing to—

The Court :     No sir, don't—don't—you either did it or you didn't, okay? I accepted you plea based on that you didn't have any material disagreement with those facts. That was your statement, none.  The fact that you're now I didn't do it, I'm just willing to stand up here and plead to it, you haven't learned anything.

Entry #29-11 at 40, l. 13–25.

A review of the transcript reveals the context of the foregoing excerpt as being made in response to Petitioner's own disagreement with the factual presentation about one of the Lexington cases and his plea in mitigation, in which he stated:

Petitioner:     I just want to say I'm sorry, your Honor, for anything anybody think I did to them. And I know I'm going to get a lot of time, and there's nothing else I could say. Thank you your Honor. I'm sorry for anybody think I caused them grief or changed their life in any kind of way. I didn't mean to.

Entry #29-11 at 40, l. 6–12.

Petitioner further points to the sentence on the Lexington indictment that has since been vacated:

The Court:    Your sentence on Indictment 03-4182, assault and battery with intent to kill, which I believe you did, sir. You offer no explanation for how she got those injuries. I believe her testimony, which means what you did was just brutal, unnecessary, and quite disgusting, 20 years.

Entry #29-11 at 42, l. 8-13.

These comments all relate to the Lexington County ABWIK involving the assault upon a mother and four children, as described by the solicitor. [Entry #29-11 at 18–22]. As recited above, the Lexington County convictions and sentences were vacated.

Petitioner raises the allegation of judicial vindictiveness for the first time in his motion to amend. Petitioner did not object to the Richland County sentences, did not move to alter or amend the judgment, did not raise this issue on direct appeal or in his PCR. Therefore, Ground Three is procedurally barred as it relates to the consecutive 30-year Richland County sentences for armed robbery. Therefore, to the extent that these issues were not raised in his direct or PCR appeal, they were not fairly presented to the South Carolina appellate courts and are procedurally-barred from federal habeas review. *See Coleman*, 501 U.S. 722 (stating that if an issue is not properly raised to the state's highest court and would be procedurally impossible to raise now, then it is procedurally barred from federal habeas review). To the extent that Petitioner argues that he was prejudiced as a result of the Supreme Court having granted his PCR only in part, with the Richland County sentences remaining, his argument has no merit.

2.    Cause and Prejudice

Petitioner has not shown sufficient cause and prejudice to excuse the default of Grounds One, Two and Three. In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. Petitioner has failed to meet this burden. Thus, it is procedurally barred from consideration by this court and should be dismissed. *Id.*; *see* 28 U.S.C. § 2254; *Rodriguez v. Young*, 906 F.2d 1153, 1159 (7th Cir. 1990) ("Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."); *Mazzell v. Evatt*, 88 F.3d 263, 269 (4th Cir. 1996) (In order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.); *Wainwright v. Sykes,* 433 U.S. at 88–91; *Murray v. Carrier*, 477 U.S. 478 (1986); *Rodriguez*, 906 F.2d at 1159 (a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent") (*citing Murray v. Carrier*, 477 U.S. at 496); *Sawyer v. Whitley*, 505 U.S. 333, 348 (1992); *Bolender v. Singletary*, 898 F. Supp. 876, 881 (S.D. Fla. 1995).

The existence of cause must ordinarily turn on whether the prisoner can show some objective factor external to the defense impeded counsel's or his efforts to comply

with the State's procedural rule.  *Murray v. Carrier*, 477 U.S. at 488. Petitioner fails to articulate cause for procedurally defaulting on his grounds. Petitioner had a guilty plea in which he raised no objection, had a direct appeal, a PCR hearing, and an appeal from the PCR in which to raise these issues.  However, he failed to raise them, raise them properly, or preserve these issues for habeas review. Petitioner cannot establish cause and prejudice because he has consistently abandoned opportunities to preserve these specific issues.

In the alternative, Petitioner must show a miscarriage of justice. In order to demonstrate a miscarriage of justice, Petitioner must show he is actually innocent. Actual innocence is defined as factual innocence, not legal innocence. *Bousley v. United States*, 523 U.S. 614, 622 (1998). Petitioner cannot establish that the errors he complains of probably resulted in the conviction of an innocent person. *Sclup v. Delo*, 513 U.S. 298, 327 (1995). In order to pass through the actual-innocence gateway, a petitioner's case must be "truly extraordinary." *Id.*  The court's review of the record does not support a showing of actual innocence.

The relevant portion of the guilty plea transcript follows:

The Court:     Mr. Hayward, sir, you do understand that this is an armed robbery, sir, and you can receive between 10 and 30 years on each charge.  Do you understand that?

Petitioner:    Yes, sir, your Honor.

 . . .

The Court:     You wish to plead guilty to all those charges, sir?
Petitioner:    Yes, sir, your Honor.
The Court:     You're pleading guilty because you are guilty of those charges, sir?
Petitioner:    Yes, sir, your Honor.

. . .

| | |
|---|---|
| The Court: | . . .You do understand, sir, that the State is not making a recommendation on these pleas.  If I decide to run these consecutive, which you could receive up to life.  You could receive by count, and take out the ABWIK still, around 270 some odd years, and that's not counting the time on the burglary first.  Do you understand that? |
| Petitioner: | Yes, sir, your Honor. |
| The Court: | Do you still wish to plead guilty? |
| Petitioner: | Yes, sir, your Honor. |
| The Court: | Okay.  I find there is sufficient factual basis to  accept the pleas on everything except the assault and battery with intent to kill, and we'll come back to that in a moment.   I also find that—first of all, Mr. Hayward, let me make sure, nobody's offered you any reward or promised you anything at all to get to plead guilty today, have they? |
| Petitioner: | No, sir, your Honor. |
| The Court: | Nobody's mistreated you in any way or coerced you in any way to get you to plead guilty? |
| Petitioner: | No, sir, your Honor. |
| The Court: | You're pleading guilty of your own freewill and accord, sir? |
| Petitioner: | Yes, sir, your Honor. |
| The Court: | Okay.  I find that you're also making a knowing, intelligent and voluntary plea of guilty to these charges. |

[Entry #29-11 at 24–26].

The foregoing excerpt from the guilty plea colloquy reflects that Petitioner admitted he committed the crimes of armed robbery, admitted the facts as recited by the Solicitor, and voluntarily entered his plea of guilty to the two Richland County counts of armed robbery.

In light of the foregoing, Petitioner cannot show actual innocence.  Because Petitioner cannot establish actual innocence, the procedural bars apply as to Grounds One, Two, and Three.

III.    Conclusion

For the foregoing reasons, the court grants Petitioner's motion to amend [Entry #38] and recommends Respondent's motion for summary judgment [Entry #30] be granted.

IT IS SO RECOMMENDED.

December 8, 2011                              Shiva V. Hodges
Florence, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached**
**"Notice of Right to File Objections to Report and Recommendation."**