IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Hayward,  )  | |
|    Petitioner,  ) | C.A. No.: 1:11-cv-00644-RBH |
| )  | |
| vs.  ) | |
| )  | **ORDER** |
| )  | |
| Wayne C. McCabe,  ) | |
|    Respondent  ) | |

  This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

  The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

  Neither party has filed objections to the Report and Recommendation. However, the petitioner has filed a Motion for Extension of Time to File Objections (Docket Entry # 50). The Report and Recommendation was mailed to the petitioner on December 8, 2011. Objections were accordingly due by December 27, 2011. The envelope which contained the Petitioner's Motion for Extension of Time was stamped as received by the prison mail room

1

on December 28, 2011. Under Houston v. Lack, 487 U. S. 266 (1988), the filing date for the motion is considered to be December 28, 2011, which was after the deadline for filing objections. The petitioner has been dilatory in this case, as he initially failed to respond to the motion for summary judgment after issuance of the Roseboro Order and did not respond until after the Magistrate Judge entered a second order to respond.  Additionally, the R&R was mailed to the petitioner on December 8, 2011 but he waited until December 23, 2011 to prepare his Motion for Extension of Time.  He states that institutional lockdowns have prevented him from using the mailroom but fails to provide the Court with any specific dates. The motion is therefore denied as untimely.

In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference.  Therefore, it is

**ORDERED** that the respondent's motion for summary judgment (Entry #30) is granted.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
January 4, 2012