IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| John Hayward,<br>    Petitioner,<br><br>vs.<br><br>Wayne C. McCabe,<br>    Respondent | C.A. No.: 1:11-cv-00644-RBH<br><br>**ORDER** |

This matter is before the court on Petitioner's [55] Motion for Extension of Time to File Objections, [56] Petition to Reinstate Habeas Corpus Petition, and [65] Motion for Copies.

The Court previously granted the respondent's motion for summary judgment by Order dated January 4, 2012, after neither party filed objections to the Report and Recommendation of Magistrate Judge Shiva V. Hodges. In that order, the Court denied Petitioner's Motion for Extension of Time to File Objections (Docket Entry # 50). The Court stated that the Report and Recommendation was mailed to the petitioner on December 8, 2011, thus making any objections due by December 27, 2011. The envelope which contained the Petitioner's Motion for Extension of Time was stamped as received by the prison mail room on December 28, 2011. Under Houston v. Lack, 487 U. S. 266 (1988), the filing date for the motion was considered to be December 28, 2011, which was after the deadline for filing objections. The Court noted that the petitioner has been dilatory in this case, as he initially failed to respond to the motion for summary judgment after issuance of the Roseboro Order and did not respond until after the Magistrate Judge entered a second order to respond. Additionally, the Order states that the R&R was mailed to the petitioner on December 8, 2011, but he waited until December 23, 2011 to

1

prepare his Motion for Extension of Time. He stated that institutional lockdowns prevented him from using the mailroom, but he failed to provide the Court with any specific dates. The motion for extension of time was therefore denied as untimely.

After this Court's order was entered and mailed to Petitioner on January 4, 2012, Petitioner filed Objections on January 10, 2012. (The envelope has a prison mailroom stamp of January 6, 2012.) On January 12, 2012, he filed a second Motion for Extension of Time on the same grounds as his previously denied motion for extension of time. He also filed a Petition to Reinstate the Habeas Corpus Petition on January 12, 2012. (The envelope contained a prison mailroom stamp of January 6, 2012.) The respondent filed a Response to the motions on March 5, 2012, with attached Lieber mailroom e-mail, Department of Corrections Memorandum Subject: Mailroom (HOLIDAY SCHEDULE), and "Agreement to debit E.H. Cooper Account" for inmate Hayward showing his signature of December 28, 2011. Petitioner filed a Reply on March 16, 2012.

Based on the submissions of the parties and the Court's record, the Court finds that the Clerk of Court mailed the Report and Recommendation to the petitioner on December 8, 2011 and that he received it on December 12, 2011. No lockdowns occurred which affected the petitioner's dorm (Cooper Dorm) between December 12, 2011 and December 26, 2011. The inmates were notified of the special holiday hours for the prison mailroom via a Memorandum dated December 14, 2011. The mailroom was closed from 11:00 am on Thursday, December 22, 2011 through Tuesday, December 27, 2011. Petitioner mailed his motion to enlarge time on

December 28, 2011[1] and signed a form on that date at the mailroom window authorizing a debit of his account for postage for legal material.

Based on the above uncontested facts, the Court finds that the motion for extension of time was deemed filed on December 28, 2011, which was *after* the deadline for filing objections.[2] Requests for extensions of time are governed by Fed. R. Civ. P. 6(b)(1). If an extension request is made *before* the time period expires, then the district court has discretion to grant the request on a showing of "good cause." Rule 6(b)(1)(A). If the motion for extension of time is made *after* the time period expires, then the court may grant the request if good cause is shown *and* "the party failed to act because of excusable neglect." Rule 6(b)(1)(B). See Lujan v. National Wildlife Federation, 497 U.S. 871 (1990); Carefirst of Maryland, Inc. v. Carefirst Pregnancy Centers, Inc., 334 F.3d 390 (4th Cir. 2003).

Here, the motion for extension of time was stamped by the prison mailroom after the deadline for filing objections. Therefore, the petitioner must show both "good cause" and "excusable neglect". Petitioner received the R&R on December 12, 2011. The holiday hours for the mailroom were posted in the dorms and at the mailroom itself on December 14, 2011.

---

[1] Petitioner states in his Reply, Docket Entry # 64 at page 2: "Petitioner mailed his Motion to Enlarge on Wednesday December 28, 2011, the day Lieber Mailroom services became available because it was closed since the 23rd of December 2011."

[2] Petitioner argues that his motion for extension of time was filed before the deadline for objections. He asserts that he was "served" with the Report and Recommendation on December 12, 2011, the date on which he received it. However, the petitioner misunderstands the meaning of the term "served" in Fed. R. Civ. P. 72(b)(2). Rule 5(b)(2)(C) provides for service by mail and provides that "service is complete upon mailing." The Clerk mailed the R&R to the petitioner on December 8, 2011. Petitioner thus had fourteen (14) days after that date, plus three (3) additional days because the R&R was served by mail, for a total of seventeen (17) days, to file objections. The seventeenth day fell on a Sunday, December 25. The next day, Monday, December 26, was a holiday for the federal courts. Therefore, the objections were due on Tuesday, December 27, 2011.

3

Petitioner had at least ten (10) days between the date he received the R&R and the date the mailroom closed on December 22, 2011 to prepare his objections or a motion for extension of time. However, he chose to wait until the mailroom was closed to attempt to mail the motion and did not in fact mail it until December 28, 2011, after the deadline for filing objections. Petitioner has also been dilatory in other respects in his handling of this matter. As pointed out in this Court's previous order, Petitioner failed to respond to the Roseboro order, and Magistrate Judge Hodges entered an order that he should advise the court whether he wished to proceed with the case. Petitioner then filed a motion for extension of time, which was granted. The Roseboro Order was mailed to the petitioner on August 18, 2011, and the response to the motion for summary judgment was not filed until October 14, 2011.

The Petitioner's [55] Motion for Extension of Time to File Objections and [56] Petition to Reinstate Habeas Corpus Petition are accordingly denied. Petitioner has not shown good cause or excusable neglect for failing to file his objections to the Report or a timely motion for extension of time. Petitioner should not have waited until the last minute to request additional time, assuming that the Court would grant his request.

In its previous order, the Court reviewed the Magistrate's R&R for clear error and found none.

With regard to the [65] Motion for Copies of his (late) objections, Petitioner requests free copies on the basis of FOIA, 5 U.S.C. § 552. The definition of "agency" in the statute specifically excludes "the courts of the United States." 5 U.S.C. § 551(1)(B). Therefore, FOIA provides no basis for the court to give him free copies of the objections. However, the Court

exercises its discretion and orders the Clerk of Court to mail the petitioner a copy of his late objections (Docket Entry # 54).

The Court continues to deny a Certificate of Appealability, as set forth in the previous order.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
March 30, 2012